Mills and another, Respondents, vs. The Chicago, Milwaukee & St. Paul Railway Company, Appellant.

*March 20 — April 8, 1890.*

*Railroads: Fires set by negligence: Contributory negligence: Defects in locomotive: Court and jury.*

1. An unnecessary delay of ten or fifteen minutes by a land-owner in attempting to extinguish a fire set by a passing locomotive and which destroyed his property, will not defeat a recovery if he could not have prevented the injury even if he had acted with the utmost promptness.

2. The trial court having held it to be conclusively proved that a locomotive which started a fire along a railroad track was properly operated, and there being evidence tending to show, among other things, that the ash-pan was too short — the effect of which was to facilitate the dropping of live coals upon the track,— and that the engine had set three other fires while running a little more than a mile from the one in question, it is *held* that the question whether the engine was or was not in a reasonably safe condition was properly submitted to the jury.

APPEAL from the Circuit Court for *Monroe* County.

The plaintiffs are the owners of an improved cranberry marsh, containing several hundred acres, in the county of Monroe, situated southeast of and adjoining the railroad of the defendant company, which runs northeast from Tomah, to Grand Rapids. The marsh lies between the stations of Valley City and Hitchcock on such railroad. A

JANUARY TERM, 1890.     423

Mills vs. The Chicago, Milwaukee & St. Paul R. Co.

little before noon July 2, 1887, locomotive engine No. 512 of the railway company, when passing such marsh going northeast, set fire to certain combustible materials on the right of way, and the fire spread over plaintiffs' marsh, and greatly injured it.

This action was brought to recover for such injury. It is alleged in the complaint that the engine was defectively constructed and was out of repair, thereby rendering it liable to set fires upon the right of way as it passed along the railroad; that the railway company was further negligent in allowing combustible materials to remain on its right of way; and that such negligence and the defective condition of the engine caused the fire which destroyed or injured the plaintiffs' property. It also alleges that plaintiffs did all in their power to stop the fire. The answer is, substantially, a general denial.

A trial of the cause resulted in a verdict for plaintiffs for $3,000. It is conceded that, if plaintiffs are entitled to recover, the damages are not excessive. A statement of the errors assigned, and the testimony and rulings of the court on the trial bearing upon the alleged errors, will be found in the opinion. Motions to direct a verdict for the defendant and for a new trial were denied, and judgment for the plaintiffs entered pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *John T. Fish*, attorney, and *Burton Hanson*, of counsel, and oral argument by *Mr. Hanson*. To the point that plaintiffs were guilty of contributory negligence preventing a recovery, they cited *Illinois Cent. R. Co. v. McClelland*, 42 Ill. 355; *Toledo, P. & W. R. Co. v. Pindar*, 53 id. 448; *Doggett v. R. & D. R. Co.* 78 N. C. 311; *Snyder v. P., C. & St. L. R. Co.* 11 W. Va. 37; Beach on Contrib. Neg. secs. 19, 75; *Kellogg v. C. & N. W. R. Co.* 26 Wis. 223, 245, 257.

For the respondents there was a brief by *Olin & Butler*,

and oral argument by *John M. Olin.* To the point that the neglect of the respondent to go immediately to the fire can have no effect upon his right to recover unless it contributed to and was the proximate cause of the injury, they cited Shearm. & Redf. Neg. sec. 9; 2 Thomp. Neg. 1152–3; Whart. Neg. sec. 326; Cooley on Torts, 675; Whittaker's Smith, Neg. 374; Saunders, Neg. 55, sec. 3; *Tilley v. St. L. & S. F. R. Co.* 49 Ark. 535; *Short v. Knapp*, 2 Daly, 150; *McGuire v. H. R. R. Co.* id. 76; *Donohue v. St. L., I. M. & S. R. Co.* 91 Mo. 357; *Haley v. Earle*, 30 N. Y. 208; *Beers v. H. R. Co.* 19 Conn. 566; *Cummings v. Nat. Furnace Co.* 60 Wis. 603, 616; *Murphy v. C. & N. W. R. Co.* 45 id. 222, 240; *Neanow v. Uttech*, 46 id. 581, 587; *Railroad Co. v. Jones*, 95 U. S. 439; *New Jersey Exp. Co. v. Nichols*, 33 N. J. Law, 434; *S. C.* 97 Am. Dec. 722; *Richmond & D. R. Co. v. Morris*, 31 Gratt. 200, 203; *Colorado C. R. Co. v. Holmes*, 5 Col. 197, 200; *Northern C. R. Co. v. Price*, 29 Md. 420, 436; *Lewis v. B. & O. R. Co.* 38 id. 588, 599; *Bridge v. G. J. R. Co.* 3 M. & W. 244, 248; *Scott v. D. & W. R. Co.* 11 Ir. Rep. C. L. (N. S.), 377, 393.

LYON, J. The court submitted to the jury the questions whether engine No. 512, which set the fire that spread over plaintiff's marsh, was properly constructed and in proper repair, and whether the right of way, at the time of the fire, at the point where it commenced, was reasonably clear of combustible materials. The court also instructed the jury, on the testimony hereinafter stated, that the plaintiff *Arthur C. Mills*, who was in the vicinity of the fire when it started, was negligent in not going to the fire with his men and making an effort to extinguish it or prevent its spreading upon the plaintiff's marsh, as soon as he should have done, but submitted to the jury the question whether, had he done so promptly, he could have prevented the injury complained of. The submission of these questions to

the jury are the errors assigned for a reversal of the judg-
ment. As to the questions of the condition of the engine
and right of way, it is maintained by counsel for the rail-
way company that on the undisputed evidence the court
should have answered them in the affirmative. The same
claim is made in respect to the other question; and it is
further claimed that *Arthur C. Mills* was negligent in not
promptly going to the fire and making a diligent effort to
extinguish it, even though the jury might believe from the
testimony that such effort would have proved unsuccessful.
The last proposition will be considered first, because, if sus-
tained, it defeats the action.

1. When engine No. 512 passed the point where the fire
commenced, *Arthur C. Mills* was at work with his men
about three fourths of a mile distant therefrom. About
fifteen minutes later he saw smoke rising from the right of
way at that point. With two of his men he immediately
went to the railroad near their boarding-house to get a bet-
ter view of the fire. The three then went into the board-
ing-house, hastily ate their dinner, and went on a railroad
velocipede to the place of the fire. They found the fire had
crossed a ditch which the plaintiffs had constructed along
the line of the railroad, about four rods distant therefrom,
to prevent the spread of fire from the right of way, which
ditch usually contained water. It was then a period of
drought, and there was no water in the ditch or vicinity.
They only had shovels with them with which to resist the
spread of the fire. The soil was peat, covered with moss
and grass, all of which was very dry and highly inflamma-
ble. All of these men had theretofore had much experi-
ence in fighting fires, and they at once decided, when they
reached the fire, that, with the appliances at their command,
it would be useless to attempt to stay its progress. They
did not make the attempt. When they went for their dinner
the wind was blowing somewhat strongly from the west,

but had increased greatly in force when they reached the fire. The jury might properly have found from the testimony that they reached the fire within forty-five minutes after they first discovered it, and could not have reached it, had they gone there as speedily as possible, in less than thirty or thirty-five minutes.

Because of this delay of ten or fifteen minutes, the court held, as matter of law, that *Arthur C. Mills* was guilty of negligence which would defeat the action, unless the jury were satisfied that he and his men could not have prevented the spread of the fire upon the marsh had they reached there as soon as possible.

There is other testimony bearing upon the question of such negligence, which need not be stated here, but which, taken in connection with the testimony above stated, leads us to doubt whether the court was justified in taking that question from the jury. But the ruling is in favor of the defendant, and, if erroneous, does not affect this appeal.

The question here is whether it can justly be said that the failure of *Arthur C. Mills* to get to the fire earlier, and to attempt to arrest its progress, is to be imputed to the plaintiffs as negligence which will defeat this action, although the jury might find that, had he done so, he could not have prevented the fire from running over the marsh. Following the great weight of authority both here and in England, we must determine this question in the negative. If it is made to appear that the marsh would have been burned just the same had *Arthur C. Mills* and his men reached the place of the fire at the earliest possible moment, and had then made every exertion to stay the progress of the fire, such want of promptness and effort will not defeat the action. Cooley on Torts (1st ed.), 674; (2d ed.), 812, and numerous cases there cited.

There was abundant testimony tending to show that such promptness and effort would have been entirely unavailing

to prevent the burning of the marsh. It must be held, therefore, that the question in that behalf was properly submitted to the jury.

2. As to the condition of engine No. 512, the testimony tended to show that the bottom of the ash-pan of that engine was too short, the effect thereof being to allow the damper to hang too nearly perpendicular; thus rendering it liable to swing open when the engine was in motion. This facilitated the dropping of coals of fire falling against the damper. Also, that to prevent the escape of fire the bottom of the ash-pan should have been turned up at the end so as to hold the damper at a proper slope when it rested upon the ash-pan, and that the ash-pan of engine No. 512 was not so constructed. It was further proved that this engine, No. 512, set three other fires while running a little more than one mile from the place where it set the fire which burned over plaintiffs' marsh. The court held it conclusively proved that the engine was properly operated. Such being the fact, it is a very significant circumstance, bearing upon the question of the condition of the engine, that it set four fires while running so short a distance. In view of the foregoing and other testimony in the case, we conclude that the question was properly submitted to the jury whether the engine was or was not in a reasonably safe condition.

3. It is only necessary to say, concerning the remaining error assigned, that there was sufficient evidence concerning the condition of the right of way to justify the court in submitting to the jury the question whether, at the time of the fire, it was in a reasonably safe and proper condition in respect to combustible materials upon it.

The foregoing views dispose of all the alleged errors adversely to the defendant. The judgment of the circuit court must therefore be affirmed.

*By the Court.*— Judgment affirmed.