AUSTIN, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*May 22 — June 19, 1896.*

*Railroads: Fire negligently set: Damages: Contributory negligence: Court and jury.*

1. A railway company which negligently causes a fire upon the land of another is not liable for any damage which the exercise of ordinary care on the part of the landowner, or of those for whose conduct he is responsible, might have prevented.

2. In this case, there being evidence tending to show that on the morning after the fire started there was no probable danger to be apprehended that it would spread further, the trial court properly refused to hold as matter of law that plaintiff's servants were negligent in leaving the premises at that time in charge of a boy fifteen years old, although the fire did afterwards increase and cause most of the damage complained of.

3. If actionable negligence on the part of a railway company caused a fire which spread directly to and damaged the land of another, the fact that the company did or did not use ordinary care to extinguish it does not affect the right of the landowner to recover.

4. Where each question of a special verdict covers a controverted fact upon which there was evidence to be considered by the jury and to support their finding, this court cannot hold that it was an abuse of discretion for the trial judge to refuse to set aside the verdict as contrary to the evidence.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, JR., Circuit Judge.  *Affirmed.*

Action to recover damages alleged to have been caused to plaintiff by fire negligently set by defendant, August 3, 1893.  Plaintiff's claim was that the negligence of defend-ant consisted in allowing to accumulate and remain on its right of way a large amount of dry, combustible material during a very dry season, by reason of which a fire was started in such material by sparks which fell from one of its locomotives, and from which such fire spread to the lands of plaintiff, causing the damage complained of.  A special verdict was rendered, by which the jury found that the fire started on defendant's right of way; that it spread from there to plaintiff's premises, described in the complaint; that the fire caught from defendant's locomotive No. 38, which was properly constructed, was in good condition, and prop-erly handled; that defendant failed to exercise ordinary care in keeping its right of way clear from combustible ma-terial where the fire started; that plaintiff and her husband and servants used ordinary care to prevent the spread of the fire, and that plaintiff was damaged in the sum of $1,225, $125 of which was caused on August 3, 1893, the day the fire was set, and $1,100 thereafter.  A motion was made on exceptions to set aside the verdict and for a new trial, which motion was denied, and defendant appealed.

For the appellant there was a brief by *Greene, Vroman & Fairchild,* and oral argument by *C. E. Vroman.*  They contended, *inter alia,* that upon the evidence the plaintiff's agents and servants were grossly negligent, as a matter of law, in failing to return to the fire on the morning of Au-gust 4th to prevent its spread and complete the work of ex-tinguishing it, and in going away leaving no one but a fifteen-year-old boy to take charge of the place and to watch, fight, and prevent the further spread of the fire.  *Crandall v. Goodrich Transp. Co.* 16 Fed. Rep. 75, 84; *Ill. Cent. R. Co.*

*v. McClelland,* 42 Ill. 355, 359; *Toledo, P. & W. R. Co. v. Pindar,* 53 id. 447; *Kesee v. C. & N. W. R. Co.* 30 Iowa, 78, 82; *Stebbins v. C. V. R. Co.* 54 Vt. 464; *Ill. Cent. R. Co. v. McKay,* 69 Miss. 139. Every person is bound to use diligence to save himself from injury by the negligent act of another. *Bradley v. Denton,* 3 Wis. 557; *Poposkey v. Munkwitz,* 68 id. 322, 331; 1 Suth. Dam. 148; *Ross v. B. & W. R. Co.* 6 Allen, 87; *Murphy v. C. & N. W. R. Co.* 45 Wis. 222, 238.

For the respondent there was a brief by *Wigman & Martin,* and oral argument by *P. H. Martin.*

MARSHALL, J. The evidence tended to show that those who had charge of the land for plaintiff, and defendant's servants as well, supposed, on the evening of August 3, 1893, that there was no further danger to be apprehended from the fire, and that such condition had not changed by the succeeding morning. Defendant's servants left the premises on the evening of August 3, 1893, and on the following morning the persons who had been guarding the premises for plaintiff went blueberrying, leaving a boy of fifteen years of age in charge. Thereafter the fire freshened up and caused the greater part of the damage complained of. The court, by the eighth and ninth questions of the special verdict, covered the subject of whether there was a want of ordinary care on the part of plaintiff after the morning of the 4th. The finding was in her favor, and it is alleged as error that the court did not, as requested, direct the jury to find on this branch of the case in defendant's favor. The facts covered by the questions were material and important, for, if the fire was caused by want of ordinary care on the part of defendant, still it would not be liable to answer for any damages which the exercise of ordinary care on the part of plaintiff, or of those for whose conduct she was responsible, might have prevented. *Mills v. C., M. & St. P. R. Co.* 76

Wis. 422; *Gibbons v. W. V. R. Co.* 62 Wis. 546. Without referring in detail to the evidence on the subject, suffice it to say that a careful examination of the record leads to the conclusion that the questions were properly submitted to the jury. There was evidence tending to show that there was no probable danger to be apprehended of further spread of fire as the situation appeared on the morning of August 4th. Such being the case, clearly the trial court was not warranted in deciding, as a matter of law, that there was want of ordinary care on the part of those for whose conduct plaintiff was responsible in that they left the premises at that time.

The appellant requested the submission of the following question: " Could it have been reasonably anticipated that the fire remaining on plaintiff's premises on the evening of August 3, 1893, would have spread further on said premises?" This was refused, and such refusal is assigned as error. If the question was directed to whether there was a breach of duty on the part of plaintiff, the refusal to submit it was not error, as that subject was fully covered by questions 8 and 9, above referred to. We assume that the question related solely to whether defendant's servants exercised ordinary care in leaving the premises on the evening of the 3d, and making no effort thereafter to control or put out the fire; and in that light it was immaterial. If actionable negligence on the part of defendant caused the fire which spread directly to plaintiff's land and caused the damage complained of, whether there was ordinary care exercised on its part or not to quench such fire does not affect plaintiff's right to recover.

The next and last error assigned is that the court erred in not setting aside the verdict and granting a new trial upon the ground that it was contrary to the evidence. Each question of the special verdict covered a controverted fact, upon which there was some evidence to be considered by

the jury and to support their finding. It follows that we cannot say that there was an abuse of discretion on the part of the trial judge in refusing to set the verdict aside as contrary to the evidence, and to grant a new trial.

*By the Court.*— Judgment affirmed.