R. W. POWERS, PLAINTIFF IN ERROR, V. CHAUNCEY E. CRAIG, DEFENDANT IN ERROR.

1. **Prairie Fire:** DAMAGES: NEGLIGENCE. In an action for damages resulting from the destruction of property by fire negligently set upon the prairies of this state, the question of negligence is alone for the jury to determine.

2. ———— : FIRE-GUARDS. In such case, where it was shown that the fire originated at a camp fire built upon the prairie in the vicinity of a large quantity of dry grass, at one o'clock in the day, when the wind was high and blowing in the direction of the plaintiff's property, the question of the custom of the country in plowing fire-guards around such property is not a material inquiry. And especially so when a stream thirty feet in width was between the property destroyed by the fire and the place where the fire was kindled. In such case the failure to plow or burn fire-guards would not be contributory negligence.

ERROR to the district court for Cherry county. Tried below before TIFFANY, J.

*D. A. Holmes,* for plaintiff in error, cited: *Kesee v. C. & N. W. R. R.,* 30 Iowa, 83. *Slossen v. Burlington Ry.,* 14 N. W. R., 244. *Kellogg v. Railroad,* 26 Wis., 230. *Fahn v. Reichart,* 8 Wis., 106. 1 Thomp. on Neg., 119.

*H. R. Bisbee* and *J. H. Gurney,* for defendant in error, cited: *B. & M. R. R. v. Westover,* 4 Neb., 276. *Kellogg*

*v. C. & N. W. R. R.*, 26 Wis., 230. Moak's Underhill on Torts, 287. Thompson Neg., 167–169.

REESE, J.

This action was originally commenced in the county court of Cherry county, by Craig against Powers, to recover the sum of $800 damages sustained by the plaintiff in the action, by reason of the destruction of hay by fire, which was alleged originated from a camp fire started by defendant while traveling through the country in the vicinity of the premises of the defendant in error.

The case was taken to the district court, by appeal, and tried to a jury, where plaintiff recovered a verdict and judgment. Defendant prosecutes error to this court.

It appears from the testimony, that at or about the time alleged in the petition, plaintiff in error was passing through the country near the premises of defendant in error with a number of cattle, and the men necessary to take charge of his herd and outfit, and about the noon hour camped near the premises of defendant in error, and for the purpose of preparing dinner, kindled a fire. The date was the 13th of October, 1884. It was a very windy day, and the surrounding grass was rank and dry. After eating dinner the men remained near the fire for perhaps half an hour, without rebuilding it, and when they left some water was thrown upon the remaining coals, but no special effort seems to have been made to see that the fire was all extinguished. The fire had been built in a small pit which was found, and is described as being about one foot and a half in length, and about one foot in width, and perhaps six inches deep. The grass had been previously burned around the pit a distance of about one foot, although some of the witnesses for the plaintiff in error testified that the width of the burnt space was probably six to eight inches. Very soon after the departure of the plaintiff in error and

his men from the fire, they discovered the prairie grass burning, not far from the place where they had eaten dinner, and under the force of the wind it was being driven toward the hay of defendant in error. A creek or stream of considerable size was between where the plaintiff in error had camped and the hay of defendant in error, the bed of the stream being estimated by the witnesses at from twenty to thirty feet in width. The fire was blown across this stream to defendant's premises, and the destruction of his hay followed.

A number of questions are presented by the record which will be noticed in the order of their assignment here.

The first is, that the court erred in overruling the objection to the testimony offered by the plaintiff below. This assignment has reference, we presume, to conversations testified to between witnesses of defendant in error and plaintiff in error.

Defendant in error was called as a witness and testified in substance that at the time of the fire he was at work on a railroad grade about a mile and a half distant from it; that when he saw the smoke he started in that direction on horseback, and on arriving there he discovered the pit, in which the camp fire had been built, and that the fire had not been extinguished; that he noticed a few "brands" with fire on them; that the fire had, at that time, burned a little to the south, but was running under the force of the wind to the north, in the direction of his hay, and that the plaintiff in error was there about the time of his arrival. He was then asked if he had any conversation with plaintiff in error. His answer being in the affirmative, he was directed to state what plaintiff in error said in reference to the camp fire. Over the objection of the plaintiff in error, his answer was: " I asked him how they thought the fire got away from there. They said they supposed they had the fire put out, or possibly it might have

been, that is what they said ; I do not remember the words exactly ; that is the substance of it."

We can see no objection to the admission of this testimony. It seems to have been conceded, and we think the facts fully sustain the claim, that the fire originated from the camp fire of plaintiff in error. No other cause is shown. It was discovered within a very few minutes after the departure of the men from the place where they built their camp fire. The fire was not extinguished. The grass was very dry and the wind was blowing a gale. It is true that another person, referred to in the testimony, was seen to pass by the camp during the time that the plaintiff's men were preparing to depart, but there is nothing in the testimony anywhere that he either meddled with that fire or started another. He was near the wagon talking with plaintiff's hands and left before they did, having gone a considerable distance before they drove away. The proof of the remark by the plaintiff in error that they thought they had extinguished the fire, even if it be construed into an admission, could work no possible prejudice to him, as the proof was ample as to the origin of the fire.

The next assignment of error is, that " The court erred in rejecting testimony offered by plaintiff in error." This objection refers to the offer of plaintiff in error, upon the trial, to prove "that the country in the vicinity of Mr. Craig's place, west of Valentine, in that locality, was unsettled prairie and but very little under cultivation, but that periodically prairie fires swept over the country devastating it, and that it was customary among the settlers who were there to protect themselves against damage by fire by either plowing or burning suitable fire-guards, and that the plaintiff had failed to provide such fire-guards."

This testimony was, upon objection by plaintiff in error, excluded. In this we see no error. It was alleged in the

petition that the fire had been negligently kindled at a distance of about 250 yards from the stacks of hay of defendant in error, and that plaintiff in error did carelessly and negligently leave the fire burning, and from such carelessness and negligence the prairie grass became ignited and the fire spread to defendant's land.

The proof showed the existence of the stream to which we have referred, and which, under ordinary circumstances, would doubtless have served as a fire-guard and would have protected defendant's property from fire running in the direction or course taken by the fire in question. The theory upon which this testimony was sought to be introduced was, the contributory negligence of defendant in error. This question was submitted to the jury by proper instructions from the court. The question of contributory negligence, if it arose in this case at all, was whether the negligence of defendant in error contributed to this particular injury. The fact that the country was "unsettled prairie and very little under cultivation," was fully shown by the testimony in the case, and if material to the defendant was sufficiently proven.

The simple question presented by this offer, we think, was as to the custom of settlers in the matter of plowing or burning fire-guards. Even if the circumstances under which the fire in question was kindled would permit an inquiry as to the negligence of the defendant, we can see no error in the exclusion of the inquiry, for the reason that it was shown by the testimony that no fire-guard had been made, the reliance of defendant in error being upon the stream to which we have referred as sufficient protection from fire in that direction. The question then as to the negligence of defendant in error was fully submitted. Upon the question as to what was the custom of the settlers, there was no necessity for inquiry.

The third assignment of error is, that "The court erred in refusing to give instructions asked by defendant." The in-

struction asked by plaintiff in error which the court refused to give was as follows: "You are instructed that if the plaintiff in this case failed to exercise the diligence that an ordinarily prudent man would, under such circumstances, have exercised in protecting the hay burned from being destroyed by fire which might be raging in the vicinity, by plowing, burning, or otherwise suitable fire-guards, then he is not entitled to recover in this case, unless the negligence of the defendant was grossly in excess of that of the plaintiff."

As we have already seen, the question as to whether or not defendant in error had plowed or burned fire-guards around his stacks, was not a material one to be considered by the jury, and that question need not be further considered. The question of negligence of defendant in error was a proper one for the jury to consider, under all the evidence in the case, and it would have been improper for the court to have instructed them as to what would or would not constitute contributory negligence. Considering the location of the hay and all its surroundings, the proximity of the stream to which we have referred, the question of contributory negligence was alone for the jury, and there was no error in refusing to give the instructions prayed for.

The fourth assignment of error is, that "The court erred in giving instruction on request of plaintiff." Although it is not shown by the record, yet we presume that instruction number *two*, given upon the court's own motion, is here referred to. This instruction is as follows: "You are instructed that the law of Nebraska makes it a misdemeanor for persons to negligently or carelessly set on fire any prairie in any part of this state. You are further instructed that everyone has a right to presume that no one will be guilty of a misdemeanor, and is, therefore, under no obligation to anticipate such negligence to guard against it; therefore if you find that the defendant or his agent did, negligently or carelessly, set fire to the prairie, and that such fire burned the plaintiff's hay, the defendant

would be liable for the damage, notwithstanding you might find from the evidence the further fact that the plaintiff had not sufficient fire-guard around the stacks, unless the plaintiff neglected, after he discovered the fire, to use all reasonable means within his power to prevent the injury therefrom."

The objection to this instruction is, that there was nothing in the record of the trial which would justify the court in instructing the jury concerning the criminal liability of plaintiff in error.

As we have before seen, the action was based upon the negligence of plaintiff in error, in permitting the fire to escape. The whole instruction taken together is simply a statement of the law, that the careless use of fire by which the prairies of the state might be ignited is prohibited by statute, and that the defendant in error would be under no obligations to anticipate such negligence on the part of plaintiff in error, and the further consideration that the absence of fire-guards would constitute no defense to the action.

Upon this latter part of the instruction, this court has sufficiently spoken in B. & M. Railroad Company v. Westover, 4 Neb., 268. As is indicated in that case, it may be said that it was clearly the duty of plaintiff in error to take the necessary precautions to prevent the escape of the fire kindled by him. Failing to do so, the question of his negligence, under the circumstances, would be determined by the jury.

The fifth assignment of error, "That the court erred in overruling the motion for a new trial," is substantially disposed of already.

There was sufficient testimony to warrant the finding of the jury, that plaintiff in error was the cause of the destruction of defendant's property. The question as to whether he or those under him acted negligently in permitting the fire to escape was one of fact for the jury.

State v. Scott.

They found against him upon this question. The testimony was ample to sustain the finding.

We have carefully examined the record and can find no prejudicial error. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.