# CHARLESTON

Mahaffey *v.* The J. L. Rumbarger Lumber Company.

Submitted February 12, 1907.   Decided March 19, 1907.

1.   Negligence—*Dangerous Instrumentalities—Fires.*

    One setting fire upon his premises is charged with the duty of exercising ordinary care and skill in preventing it from spreading and being communicated to the property of another, and if he fails to exercise such care, and by reason thereof the fire is communicated to the property of another, causing him damage, he is liable for the damages sustained by reason thereof. (p. 573.)

2. EVIDENCE—*Parol—Deeds.*

Where by deed land is conveyed absolutely, evidence of a parol agreement made prior to or at the time of the execution of the deed is inadmissible to show that the grantor excepted from the operation of the conveyance certain buildings standing upon the premises conveyed. (p. 573.)

3. NEGLIGENCE—*Proximate Cause—Probable Consequences.*

Where, in an action for damages for negligently allowing fire to escape from premises of the defendant, the defense is that the loss was occasioned by a sudden shift of the wind, it must be shown, in order that such defense may avail, that the change of the wind was unusual and extraordinary, and such as in its nature not reasonably to be expected. (p. 576.)

4. TRIAL—*Taking Question From Jury—Weight of Evidence.*

A peremptory instruction to find for the defendant should not be given unless the court can see from the whole evidence that it would not sustain a verdict if found for the plaintiff. (p. 582.)

(POFFENBARGER, JUDGE, Absent.)

Error to Circuit Court, Grant County.

Action by J. W. Mahaffey against the J. L. Rumbarger Lumber Company. From a judgment in favor of plaintiff, defendant brings error.

*Reversed. Remanded.*

C. W. DAILEY and L. J. FORMAN, for plaintiff in error.

CUNNINGHAM & STALLINGS, for defendant in error.

SANDERS, PRESIDENT:

This is an action of trespass on the case, instituted in the circuit court of Grant county, by J. W. Mahaffey against the J. L. Rumbarger Lumber Company, which resulted in a verdict and judgment in favor of the plaintiff, and after an unsuccessful motion for a new trial, the case is brought here for review upon a writ of error and *supersedeas.*

The plaintiff's cause of action, as stated in his declaration, is that the defendant was, at the time of the commission of the injuries complained of, the owner of the timber, or a portion thereof, standing upon a tract of land in Grant county, known as the "Holmes-Gale & Harness Survey," commonly called "The 18,000 acre tract," which adjoined land occupied by the plaintiff as tenant, the latter property adjoining land owned by the plaintiff in fee; that the de-

fendant was engaged in removing this timber, and in doing so conducted its operations in such manner as to set fire to brush, logs, trees and timber upon said tract of land; that it negligently failed and omitted to guard this fire, and also negligently permitted it to escape from the premises under its control to the premises in possession of the plaintiff – the result being that the fire destroyed certain property of the plaintiff, including, among other things, a barn of the value of one hundred and fifty dollars, and a calf shed of the value of forty dollars, these two structures being upon the property owned by the plaintiff. in fee, containing one hundred and twelve acres and ten poles.

The declaration does not charge the defendant with negligence in the origin of the fire, but the *gravamen* of the complaint is that it was started by the defendant, upon its own premises, and negligently permitted to be communicated to the property of the plaintiff, causing him injury. Therefore, the controlling questions involved upon the trial of this case below, were: First, did the defendant start the fire upon its own premises; second, if so, was it chargeable with negligence in permitting the same to spread and be communicated to the property of the plaintiff; third, if guilty of such negligence, was the plaintiff directly injured by reason thereof, and if so, to what extent.

In dealing with these propositions, we will do so in connection with the various assignments of error relied upon by the defendant for a new trial.

I.    The defendant asked the court to give to the jury eleven certain instructions, all of which were given, except instructions numbers one, three and six, which were refused, and number eight, which was rejected in the form as presented, but modified by the court and offered.

Instruction number one told the jury that the evidence was insufficient to sustain the issue on the part of the plaintiff, and directed a verdict in favor of the defendant. In determining whether or not this instruction should have been given, we will, at the same time, dispose of the assignment of the defendant that the evidence is insufficient to sustain the verdict, as the disposition of one of these propositions necessarily disposes of the other. At the outset it may be well to remark, as this case must be remanded for a new trial, it

will be our purpose to refrain from commenting upon the evidence, except in so far as it may be necessary to do so in disposing of the questions arising upon the record, and what we may say must not be considered as intimating any opinion upon the weight of the testimony, and the credit that shall be given it upon another trial. We have observed that this case is not predicated upon the theory that the defendant was guilty of negligence in connection with the origin of the fire, but the theory presented is that the fire was started by the defendant upon its own premises, and negligently permitted to spread and to be communicated to the property of the plaintiff. Therefore, we must determine whether or not the evidence to establish the fact that this fire was started by the defendant upon its own premises was sufficient to be submitted to the jury for their determination. Upon a careful examination and consideration of all the evidence, we find that it is such as should have been submitted to the jury. There is no question that a fire started on the premises of the defendant on Thursday before the plaintiff's property was burned, but the contention seems to be whether or not it was started by the defendant, and if so, whether or not it was the fire which spread and caused the injury, there being some claim that the fire which did so came from other points. It was for the jury to say, from all the facts and circumstances of the case, whether or not this fire which originated upon the property under the control of the defendant was started by it, and whether or not it was the same fire which caused the injury. This being so, we must next inquire whether or not the evidence as to the negligence of the defendant in permitting the fire to spread and to be communicated to the property of the plaintiff is such as called also for its submission to the jury, and in passing upon this matter, it is important to know in what instances and under what circumstances one can be held liable for injury caused to another by reason of fire emanating upon the former's premises being communicated to the property of the latter, and resulting in injury to him. The general rule is well settled that when a private owner of property sets out fire upon his own premises for a lawful purpose, or fire accidentally starts thereon, he is not liable for the damages caused by its communication to the property of another, unless it started

through his negligence, or he failed to use ordinary skill and care in controlling or extinguishing it. There being no claim, however, that there was any negligence in starting the fire, the pertinent inquiry here is, whether or not the facts proved are sufficient to be submitted to the jury upon the question as to whether or not the defendant used ordinary skill and care in controlling it and preventing the communication thereof to the property of the plaintiff. "The general rule in this country is that, where an accidental fire starts upon one's premises, he is not liable for the damage thereby caused to his neighbor, unless it started through his negligence, or he failed to use ordinary care and skill to extinguish it, or failed to provide adequate means for doing so." Shearman & Redfield on Negligence, volume 2 (5th Ed.). section 665. This text seems to be supported by the general line of decisions, and from our investigation we find that it is the accepted doctrine in this country. In the case of *McNally* v. *Colwell*, 91 Mich. 527, reported in 30 Am. St. Rep. 494, we find an extended and valuable note upon this question, with the citation of many authorities supporting this view. Bishop on Non-Contract Law, section 833, says: "A fire set or looked after negligently, if by reason of such negligence it communicates to a neighbor's property and destroys it, will give the neighbor an action for damages." The gist of this action, it seems, lies in the fact that there is negligence upon the part of the defendant, and the books say that in this character of cases, when it is established that the defendant failed to exercise ordinary care and skill to suppress and control the fire, and confine it to his own premises, he will be liable in damages. "The general rule is that persons in the lawful use of fire must exercise ordinary care to prevent it from injuring others. What is ordinary care and prudence depends on the circumstances of the particular case. The greater the danger of communicating fire to the property of others, the more the precautions and the greater the vigilance necessary to constitute such care." *Collins* v. *George*, 102 Va. 509; *Snyder et al.* v. *P. C. & St L. Ry. Co.*, 11 W. Va. 14; *Hewey* v. *Nourse*, 54 Me. 256.

Of course, it must be acknowledged that it is a well settled principle of law that one in the prosecution of a lawful act or business is not liable for an injury resulting from an in-

evitable or unavoidable accident, which occurs without any blame or fault upon his part. But although the business prosecuted may be lawful, if it is done in an unlawful and negligent manner, and injury results to another, by reason and on account of such negligence, it is equally as well settled that he must respond in damages. Therefore, as we have observed, while one may set fire upon his own land for clearing or improving it, or for many other purposes, yet he must do so in a careful and lawful manner, and must exercise ordinary and careful diligence to prevent injury to others. *Miller* v. *Martin*, 16 Mo. 508; 57 Am. Dec. 242; *Higgins* v. *Dewey*, 107 Mass. 494; 9 Am. Rep. 63. Authorities could be multiplied to support the views herein announced, but the rule seems to be so generally recognized and unanimously adhered to, that it is hardly deemed necessary to do so.

The question of negligence is one of fact for the jury to determine, and the proper subject of inquiry is, did the person starting the fire use such care, caution and diligence as a prudent and reasonable man would have exercised under the circumstances to prevent damage to others. *Powers* v. *Craig*, 22 Neb. 621; *McCully* v. *Clark*, 40 Pa. St. 399 (80 Am. Dec. 584).

In the light of the authorities, and the views herein expressed, it would seem that the question of negligence, from all the facts in this case, should have been submitted to the jury. They should have been permitted to pass upon this question, considering all the facts and surrounding circumstances at the time, and therefore we must conclude that this instruction was properly refused.

Instruction No. 3—"The court instructs the jury that if they believe from the evidence that on the morning of Thursday, September 20, 1904, the plaintiff saw a small fire on the 18,-000 acre tract near the "Y," and on the afternoon of that day, saw it had increased in size, and if they further believe from the evidence that there was reason for apprehension that said fire would extend to and burn the property of the plaintiff, and even if they believe that it did reach and destroy the plaintiff's property, then it was as much the duty of the plaintiff to use all reasonable means and precaution to prevent said fire reaching and destroying his property, as it was the duty of the defendant to use all reasonable means to pre-

vent its crossing the boundaries of said 18,000 acres and reaching plaintiff's property, and if said Mahaffey failed to use all such reasonable means to keep said fire from his property until it was impossible to prevent it, and if the jury believe from the evidence that as a result of that failure on the part of the plaintiff, then the plaintiff is not entitled to recover anything in this case, and the jury should find for the defendant.''

There is no liability, if the defendant was not guilty of negligence, but if so, then it cannot excuse itself upon the ground that it was the duty of the plaintiff to enter upon its property and assist in controlling the fire. The plaintiff's failure to do this certainly cannot be said to contribute to the injury, and to be the proximate cause thereof. It would only be a failure upon his part to protect his own property, and if he chooses not to do so, and should suffer loss, he would be without redress, unless he could show negligence upon the part of the defendant, and when he does show such negligence, we fail to comprehend how the defendant can justify its negligent act or excuse itself by saying that although it was negligent, and failed to exercise ordinary skill and care in controlling the fire, yet if the plaintiff had come to its rescue and helped it to do something which it was not exercising the ordinary care and skill in attempting to do, that then he would not have suffered injury. Then, upon an examination of the conclusion of this instruction, it will be found that it is incomplete.

Instruction No. 6—"The court instructs the jury that even if they believe from the evidence that on Thursday, the 29th of September, 1904, a fire was started by the defendant on the 18,000 acre tract, operated by the defendant, and after starting got beyond the boundaries thereof on account of want of care on the part of the defendant, and extended to and destroyed the property of the plaintiff, and yet *of* they further believe from the evidence that on Saturday, October 1, 1904, the wind rose to a high wind and changed its course from one that would not have carried the fire to the plaintiff's place to one that carried it to that place, and that the fire reached the plaintiff's place and destroyed his property by reason of such high wind and change of the course thereof, then the plaintiff is not entitled to recover anything in

this suit, and the jury should find a verdict for the defendant."

We cannot say that where the fire is started and there is a want of proper care and diligence in controlling it, and confining it to the premises of the defendant, there is no liability because the course of the wind changed in such manner as to drive it upon the property of the plaintiff. This instruction would justify a verdict for the defendant, even though the fire was started by it and negligently allowed to escape, when after it had escaped from the defendant's property, the course of the wind had changed in such manner as to cause injury to the plaintiff. The negligently permitting the fire to escape is the proximate cause of the injury, and it is reasonable to apprehend that the course of the wind may change at any moment. One will not be permitted by his negligence to permit the escape of fire from his own premises, when the wind is blowing in one direction, and then excuse himself by saying if the wind had continued to blow in the same direction, and had not changed its course, the plaintiff would not have been injured; but that the moment it did change its course, the wind was an intervening cause, and for that reason the plaintiff cannot recover. The rule is stated to be, in Shearman & Redfield on Negligence, section 666, that: "It is no defense, as matter of law, that the wind changed after a fire was negligently started and caused it to spread, because a person of ordinary prudence will anticipate such changes, as being common and likely to occur, and, moreover, the spreading of fire once set, especially in the open country, is naturally and reasonably to be expected. In the case, however, of a fire lawfully started on one's own land, which got beyond his control by reason of the wind suddenly rising to great violence, negligence will not be imputed to him for not anticipating it." We are not proceeding upon the theory that the fire was negligently started, and there is no contention that it got beyond the control of the defendant by a sudden rise of the wind to great violence. This, it would seem from this authority, is necessary to constitute it an intervening cause, and to excuse. In the case of *Northern Pac. Ry. Co.* v. *Lewis*, 51 Fed. 638, it is said: "A simple change in the direction of the wind could not be considered as disturbing the unbroken connection between

the negligence of the railroad company and the destruction of the wood, and it was in the province of the court to instruct the jury that it was not an intervening cause."

The rule is that if after the cause in question has been put in operation, some independent force comes in and produces an injury, not itself the natural or probable effect of the cause, the author of the cause is not responsible. "The line of liability is drawn between cases where the operation of the wind has been usual and ordinary, and where it has been extraordinary or of a nature entirely unexpected, the defendant being held responsible in the former instances, but not in the latter." 13 Am. & Eng. Ency. Law 459.

There is no evidence here—in fact, it is not contended— that there was anything except the usual and ordinary wind. There is no pretense that it was blowing with great violence, or that it was of such a nature as to be entirely unexpected, and therefore we cannot say that the wind was an intervening cause, nor is there any evidence here from which the jury could so conclude. Bishop's Non-Contract Law, sections 40– 48; *Needham* v. *King*, 95 Mich. 303.

Instruction No. 8.—"The court instructs the jury that the plaintiff cannot in any event recover anything in this case unless it is shown by the evidence that the 18,000 acre tract upon which the plaintiff claims the fire started is the Holmes, Gale and Harness tract or survey."

The court refused to give this instruction as offered, but modified it and offered to give it in the following form:

"The court instructs the jury that the plaintiff cannot in any event recover anything in this case unless it is shown by the evidence that the 18,000 acre tract upon which the plaintiff claims the fire started is the one mentioned in the plaintiff's declaration as the tract controlled by the defendant."

But inasmuch as the case is to be remanded, it is unnecessary to pass upon the action of the court in this respect, as, if this point is regarded by the plaintiff as important, he can amend his declaration to suit the facts, and thereby obviate the variance, if any, upon the next trial.

II.   The court, at the request of the plaintiff, gave to the jury five instructions, and the giving of each is assigned as error.

Instruction No. 1.—"The court instructs the jury that the defendant company is not liable for setting fire on its own property, but is liable for *negligently* suffering it to escape and injure adjacent property, and if the jury believe from the evidence that the fire, which burned the plaintiff's property, was negligently allowed to escape from the defendant's property, they should find for the plaintiff such damages as said fire caused him."

It is insisted that this instruction indicates to the jury that the defendant did set fire to its property, and also assumes that it negligently allowed it to escape from its own boundary.   Whether this instruction is subject to this criticism or not, we need not say, because we think it is bad for another reason urged against it—that is, it ignores the necessity of an agency on the part of the defendant in originating the fire.   This is a binding instruction, and it tells the jury that if they believe from the evidence that the fire which burned the plaintiff's property was negligently allowed to escape from the defendant's property, they should find for the plaintiff.   The jury may have believed this fact, but there is another essential element, and that is, it was necessary for the jury to have believed that the fire was started by the defendant.   There is no controversy that a fire did originate upon the property of the defendant, but it is a controverted fact as to whether or not it originated at the hands of the defendant.   It is essential to a recovery under the declaration not only to prove that the fire was negligently permitted to escape, but also to prove that the defendant was the author of the fire.   To omit this from this instruction, the jury could have believed that some one other than the defendant started the fire, but nevertheless if it originated upon the property of the defendant, it became its duty to suppress it and control it within its own boundaries.   The defendant owes the duty to the plaintiff to exercise ordinary care and skill in preventing fire from escaping which has originated through its negligence, or which has been started by it upon its own premises, but where fire has been started by a trespasser or some other person with whom the defendant is in no wise connected, we fail to comprehend that there is any duty upon the defendant to extinguish or control it, in order to protect the plaintiff's property from injury.

Instruction No. 2.—"The court instructs the jury that the defendant company is liable for failure to exercise such care as the circumstances of a given case would indicate to a prudent man was proper, to extinguish the fire caused by sparks from its engine, if so caused, although not guilty of negligence in setting the fire, and if the jury believe from the evidence that such care was not exercised in this case, they should find for the plaintiff, if they further believe from the evidence such fire was negligently allowed to escape by the defendant company, and is the same fire which caused damage to the plaintiff's property."

This instruction correctly propounds the law applicable to this case. It calls upon the jury to determine from the evidence whether or not the fire was started by the defendant upon its own premises, and if so, it asks them to say whether or not it was negligently permitted to escape therefrom to the injury of the plaintiff. This is in accord with the principles hereinbefore announced and the authorities heretofore cited.

Instruction No. 3.—"The court instructs the jury that if they believe from the evidence that the fire which burned the plaintiff's property was the same fire which originated on the premises occupied by the defendant, and was negligently allowed by the defendant company to escape therefrom, they should find for the plaintiff, even though they believe from the evidence that such fire passed over the intervening property of another person before it reached the plaintiff's property."

This instruction, it will be observed, is subject to the same criticism as instruction number one. It ignores the fact that the fire may have been started by some one other than the defendant.

Instruction No. 5.—"The court instructs the jury that if they believe from the evidence that a fire started by the defendant or its agent or agents on the 18,000 acre tract occupied by the J. L. Rumbarger Lumber Company, and was negligently allowed to escape therefrom, and passed over other lands and to the property of the plaintiff, Mahaffey, and did destroy his property on the 1st and 2nd days of October, 1904, they should find for the plaintiff."

We see no objection to this instruction. The jury are told

that if the fire was started by the defendant or its agents, upon the land occupied by it, and was negligently allowed to escape therefrom and to pass over other lands to the property of the plaintiff, and thereby destroy the plaintiff's property, that he would be entitled to recover. This instruction presents practically the same fact as does instruction number two, with the exception that it calls for a recovery although the fire, after it left the premises, of the defendant, may have passed over other property before it reached that of the plaintiff.

Instruction No. 6.—"The court instructs the jury that if they believe that any part of the property alleged by the plaintiff to have been destroyed on the 1st or 2nd day of October, 1904, by fire was started by the defendant on the property occupied by it, and was negligently allowed to escape therefrom by the defendant, they should find for the plaintiff damages for the property so destroyed."

It is really difficult to understand what idea was intended to be conveyed by this instruction, but if it was intended to present to the jury that if they believed from the evidence that any part of the property alleged by the plaintiff to have been destroyed was destroyed by the fire started by the defendant on property occupied by it, and which it negligently allowed to escape therefrom, then the instruction would be good. As presented, however, it should not have been given, owing to its indefiniteness and unintelligibility.

III. Complaint is made that the court, upon motion of the defendant, refused to exclude certain improper evidence which had been admitted. The evidence shows that in June, 1904, this being before the fire, it not occurring until October, 1904, the plaintiff sold and conveyed to Roy A. Cosner his entire interest in a parcel of seventy-three acres of land, upon which stood the barn and calf shed, claimed to have been destroyed by the fire. Upon this appearing, the court permitted the plaintiff to prove that at the time of the conveyance to Cosner it was understood and agreed that the barn and calf shed were to belong to him, and continue to be his property, notwithstanding the conveyance. The deed conveying the interest of the plaintiff in this tract of land was introduced, from which it appears that the entire interest of the plaintiff was conveyed, after which the defendant

moved to exclude the evidence of the plaintiff to the effect that the barn and calf shed had been reserved. Nowhere in the deed does it appear that the barn and calf shed were excepted from the grant, but it clearly appears to have passed all the interest of the plaintiff in the property. If such was the understanding and agreement at the time of the conveyance, it should have been incorporated in the deed. The deed is without ambiguity, and where this is so, no contemporaneous or antecedent parol understanding or agreement varying or contradicting the plain letter of the deed can be received. Section 2, chapter 72, Code 1899, section 3049 Anno. Code 1906, says that every such deed conveying lands shall, unless an exception be made therein, be construed to pass all the right, title and interest whatever of the grantor in or to such lands. "Where the same person owns both the land and buildings, the latter, of course, are a part of the realty and pass under a deed conveying the land. If the grantor desires to retain the title to the building, he must do it by some reservation in the deed, or by an agreement that will comply with the statute of frauds. He cannot show by parol that a building was reserved." Devlin on Deeds (2nd Ed.), section 1220a; *Leonard* v. *Clough,* 133 N. Y. 292; *Muir* v. *Jones*, 23 Or. 332; *Noble* v. *Bosworth*, 19 Pick. 314.

The property having passed by the deed to Cosner, the plaintiff has no right to maintain an action for its loss. The damages laid in the declaration for the barn were one hundred and fifty dollars, and for the calf shed forty dollars, and evidence was offered to show that the property was worth these sums, all of which was inadmissable, and the evidence as to these claims should have been excluded.

The judgment is reversed, and the case remanded for a new trial.

*Reversed.     Remanded.*