MILLER, Appellant, *vs.* MARTIN, Respondent.

1. A, sets fire to the stubble on his inclosure, and, without any negligence or default on his part, and by inevitable accident, it escapes and crosses over the open prairie to the inclosure of B. and burns his fence. *Held*, A. is not liable to an action for the damage.
2. *Query*, If the stubble is fired on Sunday?

*Appeal from Andrew Circuit Court.*

*Vories*, for appellant.

The action on the case for injuries to land can only be maintained for a malfeasance, misfeasance or nonfeasance, and the appellant has been guilty of neither. 1 Chitty's Plead. 7 Am. ed. 95, and note 206 ; also, page 150. Tidd's Practice, 4.

It being lawful for the appellant to burn the stubble and rubbish in his field, to prepare it for cultivation, he is not liable for any accident which might happen, unless he or his servants acted in a negligent or improper manner in the burning thereof. *Finley* v. *Langston*, 12 Mo. 120. Stephens' Nisi Prius, 1011, 1012. *Clark* v. *Foot*, 8 J. R. 421. *Panton* v. *Holland*, 17 J. R. 92, and cases there cited. *Livingston* v. *Adams*, 8 Cow. 175.

The case made out by the proof is not such wrongful setting out fire as is prohibited by our statute ; nor is it a case of wrongful or negligent conduct, for which an action is maintainable at common law.

*Leonard*, for respondent.

1. The defendant was guilty of an illegal act, in setting fire to the combustible matter on his grounds *on Sunday*, and is liable for all injuries arising therefrom.

2. The direct effect of the defendant's act was the destruction of plaintiff's property, and however different the law may be in criminal prosecutions, yet, when reparation is sought for the injury, it is quite immaterial as to the right of action, with what intent the act was done, or what the probabilities of the injury were, or what endeavors were used to arrest the injury. 1 Chitty's Plead. 147, 197, 205. *McAllister* v. *Hammond,* 6 Cow. 343. 2 Iredell, 207. *Hodges* v. *Weltberger,* 6 Monroe, 337. *Amick* v. *O'Hara,* 6 Blackf. 258. *Weaver* v. *Ward,* Hobart, 289. *Sheridan* v. *Bean,* 8 Mct. 284. *Guille* v. *Swan,* 19 Johns. 381. *Newson* v. *Anderson,* 2 N. C. 42. 2 Green. Ev. sec. 224.

Scott, Judge, delivered the opinion of the court.

This was an action begun in 1847, by Martin, in his lifetime, against Miller, for damages. The declaration contained two counts, both at the common law.

It appears that Martin owned a farm about half a mile north of the defendant's, and between them there was an open prairie. The defendant had begun to plow a field, preparatory to the sowing of oats, but, in consequence of the quantity of stubble and other such matter upon the ground, he was obliged to desist. In order to remove the obstacles which impeded his plowing, he put fire to them. There had been run, sometime before, around the land thus fired, furrows, making the width of a rod. The defendant and a servant boy remained to watch the fire. The wind rose high about the middle of the day, although it was calm in the morning. In the absence of the boy, who had gone for a drink of water, the fire escaped and was communicated to the plaintiff's fencing and burned a quantity of his rails. The court refused an instruction asked by the defendant, to the purport, that, if he had used due diligence in firing his land, and, notwithstanding, the fire had escaped and burned the plaintiff's rails, without the least fault or neglect on his part, they will find against the plaintiff. And, at the instance of the plaintiff, instructed the jury, that if the defendant himself, or by another, set out

fire which ran to, and communicated with, and burned the fence of the plaintiff, they will find for him. Otherwise they will find for the defendant. There was a verdict for the plaintiff, and, after an unsuccessful motion for a new trial, the cause was brought to this court by appeal.

Some confusion was produced in the argument of this cause, by reading cases in which the only point involved was the form of the action for the injury committed ; whether it should be trespass *vi et armis*, or an action on the case. The *propriety* of the application of the principle, whose aid is sought to shield the defendant from damages for the act complained of, does not depend on the circumstance whether the injury was direct or consequential ; it is equally applicable, whether the remedy for the alleged wrong is trespass or case. It is conceded, that this is an action at common law, uninfluenced by any statutory provision.

1. It must be acknowledged that it is a settled principle of our law that, if a party be in the prosecution of a lawful act, an action does not lie for an injury resulting from an inevitable or unavoidable accident, which occurs without any blame or default on his part. One of the earliest cases on this subject is that of *Weaver* v. *Ward*, reported in Hobart, fol. 134. Two companies of trained soldiers were skirmishing for exercise, and a soldier of one company, in firing his piece, wounded a soldier of the other company. On demurrer to declaration in trespass for this injury, the court gave judgment for the plaintiff, but declared it would have been otherwise if it had been utterly without the defendant's fault, as if the plaintiff had run across his piece when it was discharging ; or had set forth the case with the circumstances, so as it had appeared to the court that it had been inevitable, and that the defendant had committed no negligence to give occasion to the hurt. This doctrine is recognized in the subsequent cases, and although difficulties have arisen in its application, its correctness has never been contested. Chitty, 149. *Wakeman* v. *Robinson*, 8 Eng. Com. Law Rep. *Davis* v. *Saunders*, 18 Eng. Com.

Law Rep. 437. The cases cited by the plaintiff do not, as we conceive, impugn the principle above stated. That of *McAllister* v. *Hammond*, 6 Cow. is put expressly on the ground of negligence, and the real point involved was, whether the remedy should have been trespass or case. The same remark is applicable to the case of *Hedges* v. *Weltberger*, 6 Mon. 337. The case of *Amick* v. *O'Hara*, 6 Blackf. 258, was for chasing a horse out of a field with a large fierce dog, by which the horse was injured, though not by the dog. The question of intent was considered in this case. For an injury caused by the want of due caution, there is no doubt that a party will be liable to an action, without any regard to the intent with which the injury was done. It may have been entirely unintentional and against his will, and a source of mortification, regret or sorrow; yet, if it is caused by negligence, the party will be liable to an action. Whether that action should be trespass or case, will depend on the circumstances attending the commission of the act, and is a matter of indifference in the application of the principle involved in this case. The case of *Sheridan* v. *Bean*, 8 Met. 284, was an action for a trespass committed by cattle which had escaped from their inclosure. As by the law of Massachusetts, the owner of cattle is obliged to confine them, so that they cannot trespass on the grounds of others, the foundation of the action must have been the negligence of the owner of the cattle, or of those to whose care they were entrusted.

The case of *Guille* v. *Swan*, 19 John. Rep. 381, was an action against an æronaut, for an injury done to a garden by the crowd, which was attracted to the balloon at its descent. The court said that, although the ascending in a balloon is not an unlawful act, yet it is certain that the æronaut has no control over its motion horizontally; he is at the sport of the winds, and is to descend when and how he can; his reaching the earth is a matter of hazard, and he did descend on the premises of the plaintiff below, at a short distance from the place where he ascended. Now, if his descent, under such

circumstances, would ordinarily and naturally draw a crowd of people about him, either from curiosity, or for the purpose of rescuing him from a perilous situation, all this must have been foreseen by him and he must be responsible for it. The case of *Newson* v. *Anderson*, 2 N. Car. Rep. December term, 1841, merely determines that if the owner of land adjoining that of another fells a tree standing on his own land, which falls on the land of the adjoining proprietor, he is guilty of a trespass. The paragraphs referred to in Greenleaf all relate to the distinction between actions of trespass and case. But, in the same book, secs. 85 and 94, clearly maintain the principle above stated. It is there said, the plaintiff must come prepared with evidence to show either that the intention was unlawful or that the defendant was in fault ; for, if the injury was unavoidable and the conduct of the defendant was free from blame, he will not be liable. Thus, if one intend to do a lawful act, as to assist a drunken man or prevent him going without help, and, in so doing, a hurt arise, it is no battery. So if a horse, by a sudden fright, runs away with his rider, not being accustomed so to do, and runs against a man ; or, if a soldier, in discharging his musket, by lawful military command, unavoidably hurts another, it is no battery ; and in such cases, the defence may be under the general issue. But to make out a defence under this plea, it must be shown, that the defendant was free from all blame, and that the accident resulted entirely from superior agency. Thus, if one of two persons fighting unintentionally strikes a third, or if one uncocks a gun, without elevating the muzzle or other due precaution, and it accidentally goes off and hurts a looker on ; or if he drives a horse too spirited, or pulls the wrong rein, or uses a defective harness, and the horse taking fright injures another, he is liable for the battery. But if the injury happened by unavoidable accident, in the course of an amicable wrestling or other lawful athletic sport, if it be not dangerous, it may be justified. If it were in a boxing match or fight, though by consent, it is an unjustifiable battery, the proof of consent being admissible

only in mitigation of damages. The last case we will notice on this head, is that of *Hay* v. *The Cohoes Co.*, 2 Comstock, 159. The defendants, a corporation, in digging a canal upon their own land, for purposes authorized by their charter, found it necessary to blast rocks with gunpowder, and in doing so, the fragments were thrown against and injured the plaintiff's dwelling upon lands adjoining. Under these circumstances, it was held, that the defendants were liable for the injury, although no negligence or want of skill, in executing the work, was alleged or proved. The case now under consideration is not parallel with the one cited, which rather resembles the case of *Gregory* v. *Piper*, 17 Com. Law Rep. 456. A master ordered a servant to lay down a quantity of rubbish near his neighbor's wall, but so that it might not touch the same. The servant used ordinary care in executing the orders of his master, but some of the rubbish naturally ran against the wall. It was held that the master was liable in trespass. Judge Parke, in delivering the opinion of the court, observed that " the defendant must be taken to have contemplated all the probable consequences of the act, which he had ordered to be done, and one of those probable consequences was, that the rubbish would touch the plaintiff's wall." The case is also analagous in principle to that before cited, relative to the æronaut, who ascended in the balloon. The scattering of the fragments of rock in all directions, beyond the control of the party, was a natural consequence of the blasting, and must have been foreseen as probable. The rise of the wind, in the case under consideration, was not a natural or probable consequence of setting fire to the stubble, and could not have been foreseen, though such an accident was possible, and great fires may cause the wind to rise.

The case of *Turbervil* v. *Stamp*, 1 Salkeld, 13, was for negligently keeping fire in a close, whereby the plaintiff's grass was consumed. After verdict for the plaintiff, it was objected that the party was liable only by the custom of the realm for fire in his house or curtilage, which are in his power.

But the objection was disallowed ; for the fire in his field is his fire as well as that in his house, and he made it, and must see it does no harm, and answer the damage if it does. Every man must use his own, so as not to hurt another ; but if a sudden storm had risen, which he could not stop, it was matter of evidence, and he should have shown it.

The custom or law, referred to in the above case, was repealed by Stat. 6 Ann, chap. 31, which enacts, " that no action shall be maintained against any one in whose house or chamber any fire shall accidentally begin."

2. No question was raised in the court below, as to the stubble being set on fire on Sunday.

The other Judges concurring, the judgment will be reversed and the cause remanded.