## MICHAEL SWEENEY v. L. G. MERRILL.

FIRE — *Damages* — *Liability.* Where the defendant set out a fire within his inclosed field, and it escaped from him and destroyed the property of plaintiff, he will not be liable, unless he is guilty of negligence either in setting out the fire, or attempting to control it.

2. ———— *Wind; No Negligence.* Where the defendant set out a fire in his inclosed field on a calm morning, and after the fire had started

the wind changed, and a little whirlwind carried the fire beyond his control and destroyed plaintiff's property, he will not be deemed negligent because he did not anticipate a change in the action of the wind.

3. ———— *Back-Firing, Immaterial.* If such fire would, after escaping, have certainly in any event destroyed the property of plaintiff, an effort by defendant to protect such property by back-firing is immaterial. It then becomes simply a question whether the defendant was careful or negligent in setting out the fire, or attempting to control it.

4. AMBIGUOUS INSTRUCTION, *When Not Reversible Error.* Where an instruction is not entirely free from ambiguity, but does not by a reasonable construction state the law incorrectly, it will not be deemed reversible error, when the correct rule of law concerning the same evidence is given in the instruction next following.

*Error from Pottawatomie District Court.*

THE case is stated in the opinion.

*John T. Bradley,* for plaintiff in error.
*A. H. Case,* for defendant in error.

Opinion by HOLT, C.: In March, 1885, the defendant in error, who was also defendant below, set fire to some cornstalks in his inclosed field, which escaped and swept over to the meadow of the plaintiff toward his stacks; the defendant, going into the meadow, set a back-fire to protect plaintiff's stacks, but the fire escaping from him burned them; either the back fire or the original fire burned up the fence posts of the plaintiff. He brought his action before a justice of the peace, and upon appeal it was tried in the Pottawatomie district court, at the October term, 1885, by a jury; verdict for defendant, and judgment rendered thereon. Plaintiff brings the case here, and in his brief his complaint is of the instructions of the court. The court in substance instructed, that before plaintiff could recover he must show by a preponderance of the evidence that the defendant was guilty of negligence in setting out the fire, or in not preventing it from spreading beyond his own land. The court defined the degree of negligence that must exist as ordinary negligence,

being an absence or want of that degree of care which men of common prudence generally exercise in their own affairs.

The plaintiff contends that because fire is a dangerous element, anyone using it must exercise extraordinary care in its use. We do not think his contention is correct. We believe that it is only necessary for the defendant to use ordinary care in setting out the fire within his own inclosure, and in preventing its escape to the land of others. Of course each case of this kind is to be determined to a great extent upon its own peculiar circumstances, and the acts which might be proper care in one case, in another case, under different circumstances, might not be sufficient. To that extent only, the question of negligence is a question of fact for the jury, the measure of negligence or prudence first being defined by the court.

In this particular case the defendant was burning off his lot and preparing it for cultivation, and set the fire upon a calm morning; after the fire had started, the wind veered and there were puffs of wind and a little whirlwind which carried the fire beyond his control. It could not be imputed to the defendant for negligence, because he did not anticipate such a change of the wind.

The plaintiff further complains of the following instruction:

"If, however, you find from the evidence that the original fire, set out by the defendant for the purpose of burning stalks on his own land, would, in any event, certainly have caused the burning of the hay-stacks and posts of the plaintiff, then it is wholly immaterial that the defendant undertook to protect the hay-stack by back-firing, and failed in the attempt by negligence or otherwise. In such case, you need only inquire whether the defendant was guilty of negligence in setting out the original fire, or in not preventing it from spreading beyond his own land; and if you should find from the evidence that he was not guilty of such negligence, you will find for the defendant."

It restricts the finding in favor of plaintiff to the negligence of the defendant in setting out the original fire, or in not preventing it from spreading from his own land, provided that

in any event the fire first set out would have destroyed the property of plaintiff without any reference to the attempt of defendant to protect the stacks by back-firing. It provides that if he negligently set out the fire, or if he set it out properly, and negligently allowed it to escape from his control, then in any event the defendant would be liable. In other words, if the defendant was guilty of negligence in setting out the fire, or in his attempted control of it, and the fire would have surely burned the stacks of the plaintiff anyhow, it was immaterial whether he was diligent or negligent in attempting to save the property by back-firing, for the reason that in any event such property would have been destroyed. We perceive no error in this instruction prejudicial to the plaintiff.

Instruction number five was as follows:

"If the fire originally set out in defendant's corn-stalks had spread from the defendant's land, and was continuing to spread so as in all probability to endanger the hay-stacks of the plaintiff, then the defendant had a right to set out a fire on the land of plaintiff to protect such hay-stacks by back-firing; and if the hay-stacks were destroyed by such back fire so set by defendant, the defendant would not be liable therefor if he exercised that degree of care which ought reasonably to have been used under the circumstances."

This is the most serious question for consideration in this case. The plaintiff claims that it authorizes the jury to find a verdict for the defendant, even though the defendant was negligent in setting out the fire, or permitting it to escape beyond his land, if afterward he exercised due care in setting out the back fire. If the instruction necessarily bears this construction, it is erroneous: but does it mean what the plaintiff claims? It does not say so in plain terms. If it is inferred, it is an inference that does not necessarily arise from the language of the instruction. The instruction might be held to mean that he would not be liable for the destruction of the hay-stacks by the back fire, if he exercised reasonable diligence in setting it out. The most we feel like saying is, that the instruction was not as plain and unambiguous as it

might have been.    Moreover, the instruction immediately following this lays down the rule very clearly in regard to the measure of care required, wherein it provides that either negligence in setting out the fire, or allowing it to escape, was sufficient each of itself to sustain an action against defendant. The testimony brought here seems to fairly show that the defendant exercised ordinary care in setting out the fire; did what he possibly could in preventing its escape and spread upon the land of plaintiff, and then, after consulting with others whom he called to his aid to protect the property of plaintiff, pursued what seemed to them all the best policy, in attempting to save the stacks by back-firing.

We perceive no material error in the instructions of the court.    These are the sole errors complained of, and therefore we recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.