PHILIP HESPEN, APPELLEE, V. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED OCTOBER 22, 1908.   No. 15,322.

1. **Evidence of Value: OPINION OF OWNER.** In an action for damages on account of an injury to chattels, the owner of such chattels is qualified by reason of that relationship to give his estimate of their value.

2. **Damages, Measure of.** "Where chattels are injured by the negligence of another, but not wholly destroyed, the measure of damages is the difference between the value of the chattels immediately before the injury and immediately thereafter." *Chicago, B. & Q. R. Co. v. Metcalf*, 44 Neb. 848, reaffirmed.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Edson Rich* and *John A. Sheean,* for appellant.

*Warrington & Stewart, contra.*

FAWCETT, C.

Plaintiff alleges that on November 17, 1905, while he was unloading sugar beets from his wagon into a car of

the defendant on one of defendant's side-tracks, in the village of Sutherland, Nebraska, the defendant negligently and without due warning ran a train of cars and engine on to the side-track on which the car was situated in which plaintiff was unloading said beets, which train and engine ran against the said car, causing it to collide with plaintiff's wagon and team, thereby breaking and destroying said wagon, and throwing and dragging plaintiff's team for a distance of about 60 feet; that by reason of such collision one of plaintiff's mares which was hitched to the wagon was so injured that she sickened and afterwards, on December 9, 1905, died, and that his wagon was broken and destroyed; that the value of the mare was $125 and of the wagon $60. The answer is a general denial and a plea of contributory negligence. The reply is a general denial. There was a trial to the court and a jury, which resulted in a verdict in favor of plaintiff for $152.-28, upon which judgment was rendered. A motion for new trial was duly filed and overruled, and judgment entered on the verdict.

In their brief, counsel for defendant say: "There is a great deal of doubt as to whether the company caused any injury to the mare which afterwards died, but this question was properly submitted upon conflicting testimony, as were the questions of defendant's negligence and the contributory negligence of plaintiff, and the defendant will therefore confine itself to the limits above suggested." The limits suggested and upon which defendant relies for a reversal are: "(1) The court erred in admitting certain testimony from the plaintiff over the objection of defendant. (2) The court erred in overruling the defendant's motion for a new trial. (3) The verdict is contrary to instructions, is excessive, appearing to have been given under the influence of passion and prejudice, and is not supported by the evidence."

The testimony which it is claimed the court erred in admitting was the testimony of plaintiff as to the value of the mare in controversy. Defendant's objection is that

the evidence was "incompetent, irrelevant, and imma-
terial, no foundation laid, and that the witness had not
shown himself competent to testify." The testimony ob-
jected to is as follows: "Q. Tell me if you know the value
of this mare prior to the accident at Sutherland, Ne-
braska?. A. Yes. Q. Tell the jury whether or not you
have seen horses bought and sold, whether you have seen
and know of horses bought and sold at Sutherland, Ne-
braska, on or about this time? A. Just hearing the pur-
chase price between the parties. Q. You had not bought
or sold any yourself prior to that time? A. No, sir. Q.
This team you bought in this county, did you, down at
Gothenburg? A. Yes, sir. Q. Tell the jury what the
value of this mare was, what it would fairly and reason-
ably bring on the market? A. $100." Defendant contends
that questions concerning the value of animals are largely
the subject of expert testimony; that, to be competent, a
foundation must be laid showing that the witness is quali-
fied by experience and observation to fix a value upon the
animal. While this rule is sound as to third parties tes-
tifying as to the value of an animal, it has been very much
modified when applied to the owner of the animal. "The
owner of chattels is qualified by reason of that relation-
ship to give his estimate of their value." 17 Cyc. 113;
citing Colorado, Illinois, Iowa, Massachusetts, Michigan,
Nebraska, New York, Pennsylvania, Wisconsin. In fact,
this rule has been extended also to apply to real estate:
"The owner of real estate is assumed to possess sufficient
acquaintance with it to estimate the value of the prop-
erty." 17 Cyc. 115, citing Alabama, California, Illinois,
Indiana, Iowa, Kansas, Maine, Massachusetts, Michigan,
Minnesota, Nebraska, New York, Ohio, Pennsylvania,
South Dakota. We do not think the court erred in admit-
ting this testimony. The only witness offered by defendant
upon this point was one John Keith, who admits that he
was in the employ of defendant for the special purpose of
investigating this particular case, and that he had been

doing similar work for the defendant for many years. While it is true that Mr. Keith shows far greater knowledge of the value of horses than that possessed by plaintiff, we cannot say that the jury were not warranted under all the circumstances in giving more credence to the testimony of plaintiff than to the witness Keith.

It appears from the evidence that plaintiff paid $75 for the wagon about a year before the accident. He testified that at the time of the accident the wagon was as good as new. Only the running gear of the wagon was involved, as the box and seat were not on the running gear at the time of the accident. The undisputed evidence shows that the running gear alone was worth, new, $51. Plaintiff says that at the time of the accident it was just as good as new. Of that fact the jury were the judges. Plaintiff testified that immediately after the accident the wagon was not worth to exceed $5, and expressed doubt as to his ability to sell it for even that amount. No evidence was offered by defendant as to the value of the wagon immediately after the accident, but an attempt was made to minimize its loss by proving that after the accident plaintiff abandoned the wagon; that he left it on defendant's track, and notified defendant that it was its wagon; that defendant thereupon had the wagon repaired at a cost of $20.75; and its same witness, Keith, testified that after it was repaired the wagon was worth $35. Defendant therefore insists that this $35 be deducted from the value of the wagon immediately prior to the accident in determining the amount for which defendant should be held liable. We have very grave doubt as to the right of defendant to offer this proof under the general denial and plea of contributory negligence contained in its answer. But, whatever view may be taken of that question, the measure offered by defendant is not the true measure of damages in this state. The rule which we laid down in *Chicago, B. & Q. R. Co. v. Metcalf*, 44 Neb. 848, is the established rule in this state, viz.: "Where chattels are injured by the negligence of another, but not wholly de-

Ward v. Aetna Life Ins. Co.

stroyed, the measure of damages is the difference between the value of the chattels immediately before the injury and immediately thereafter." This was the rule adopted by the trial court in its instructions to the jury.

We see no error in the record, and recommend that the judgment of the district court be affirmed.

CALKINS and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.