# SCHMITT *v.* WEIL.

[No. 7,033.   Filed June 28, 1910.]

1. TRIAL.—*Conclusions of Law.—Facts.*—A statement contained in the conclusions of law that "there was no acceptance by appellant of the written proposal sued on," is a finding of fact, and no question can be raised on it as a conclusion of law.   p. 266.

2. TRIAL.—*Conclusions of Law.—Special Findings.—Omissions.*— A conclusion of law for the defendant is proper, where the special finding omits any fact necessary to the plaintiff's recovery.   p. 267.

3. CONTRACTS.—*Breach.—Special Findings.—Omissions.*—In an action for breach of contract, a judgment for the defendant is proper, where the special finding fails to show that there was a contract.   p. 267.

4. CONTRACTS.—*Proposals.—Acceptances.*—A proposal must be accepted in order to constitute a contract.   p. 267.

5. CONTRACTS.—*Proposals.—Stock.*—A proposal that if the plaintiff would invest $5,000 in certain stock, defendant would pay his money back, if desired, within a certain time, imports that if the money is desired, the stock will be returned to defendant.   p. 267.

6. TRIAL.—*Special Findings.—Proposals.—Acceptances.*—In an action for the breach of a proposal alleged to have been accepted, special findings warranting a recovery by the plaintiff must show the acceptance of the proposal and that the conditions thereof were complied with.   p. 267.

7. CONTRACTS.—*Acceptance—Performance.—Notice.*—Where a proposal is made relating to some act to be performed by the offeree, the performance of the thing asked is ordinarily sufficient notice of acceptance.   p. 267.

8. CONTRACTS.—*Proposal.—Performance.—Notice.*—In order that the performance of the thing proposed shall constitute notice of an acceptance of the proposal, such proposal must have induced the performance.   p. 268.

9. CONTRACTS.—*Proposals.—Acceptances.*—Where defendant proposed in writing to pay back within a certain time $5,000 if the plaintiff would invest such sum in certain stock, and the next day plaintiff invested $3,000 in such stock, one year later at defendant's earnest solicitation an additional $1,400 and still later $600, the plaintiff informing defendant on both latter occasions that he would want his money within the time, but he never tendered his stock to defendant and treated the stock as his own and voted it long after the time fixed, a finding that the proposal was not accepted is warranted.   p. 268.

From Warrick Circuit Court; *Roscoe Kiper,* Judge.

Action by Wendelin Schmitt against Aaron M. Weil. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Peter Maier,* for appellant.

*J. E. Williamson* and *Hatfields & Hemenway,* for appellee.

RABB, J.—Appellee was president and promoter of a manufacturing corporation organized in the city of Evansville, and known as the Evansville Glass Company. For the purpose of inducing appellant to take stock in the corporation, appellee sent to him the following written proposal, dated July 7, 1904:

> "It would afford me pleasure to have you a stockholder in the Evansville Glass Company. As you may have some fear, I will make you a proposition by which you will have no loss; hence, I bind myself to you, if you take $5,000 of the capital stock, and if by January 1, 1906, you conclude you do not want to keep the money in the Evansville Glass Company, I bind myself to return to you the $5,000, with interest at six per cent per annum from the date you paid your money. I bind myself to pay you three per cent interest every six months until the company commences to pay dividends, if you pay back to me the sums of interest I have advanced to you.          Aaron M. Weil."

This action was brought by appellant upon this writing to recover from appellee the sum of $5,000, alleged to have been invested by appellant in the stock of the glass company, and interest thereon. The case was put at issue, a trial was had, a special finding of facts was made, and conclusions of law were stated thereon, to which appellant excepted. Appellant's motion for a new trial was overruled, and judgment rendered on the finding against him.

The errors assigned call in question the conclusions of law stated by the court, and the sufficiency of the evidence to sustain the finding.

The facts specially found by the court are that on July 7,

1904, appellee delivered to appellant the written proposition before referred to, to which no formal answer was returned by appellant; that on July 8, 1904, the glass company, through appellee, its president, issued to appellant stock of the par value of $3,000, for which appellant paid appellee the cash; that on August 14, 1905, appellant, at the solicitation of appellee, exchanged bonds of the glass company of the par value of $1,400, which he then held, for the company's stock of the par value of $1,400; that on October 14, 1905, appellant took stock from said company, of the par value of $600, thus making a total of $5,000 in par value of stock held by appellant on or before January 1, 1906; that at the time these transactions took place nothing was said by either of the parties with reference to appellee's proposal to appellant before referred to, but that on the occasion of the transfer by appellant of his bonds in the glass company for stock, appellant informed appellee that he wanted his money out of the company, and he was told by appellee that he (appellee) would see that he got his money out of the company, but at no time prior to January 1, 1906, did appellant make a tender of his stock to appellee and a demand upon him for the money he had paid for it.

From these facts the court stated its conclusions of law, to the effect (1) that by failing to tender the stock in question to appellee on or before January 1, 1906, appellant forfeited all rights under the contract, against appellee; (2) that there was no acceptance by appellant of the written proposal sued on.

It is sufficient to say of the second alleged conclusion of law, that it is not a conclusion of law, but the statement of a fact which should properly have appeared in the special finding of facts, and hence no error can be predicated upon an exception to it, as a conclusion of law. Nor is there reversible error, if error at all, presented

on appellant's exception to the first conclusion of law stated, for the reason that as appellant had the affirmative of the issue, every essential averment of fact contained in his complaint, not affirmatively appearing in the special finding, must be assumed as having been found against him. *Quick* v. *Brenner* (1885), 101 Ind. 230; *Smith* v. *Barber* (1899), 153 Ind. 322; *Adams* v. *Pittsburgh, etc., R. Co.* (1905), 165 Ind. 648; *Chicago, etc., R. Co.* v. *Bailey* (1898), 19 Ind. App. 163, and cases cited.

Therefore, on the special finding, he was not entitled to a judgment, the finding failing to show a contract between the parties.

The question remains, Does the evidence require a finding and judgment in favor of appellant? The writing set out in the complaint is simply a proposal. To make it obligatory on appellee, the proposal must have been accepted and acted on by appellant. Properly interpreted, the proposal means that if appellant took stock of the glass company, of the par value of $5,000, then any time on or before January 1, 1906, appellee, upon request, would take appellant's said stock and return appellant his money invested therein. It clearly did not mean, and was not understood to mean, that appellee would return the money and still let appellant keep the stock. In order to entitle appellant to a finding in his favor, the evidence must show that appellee's proposal was accepted and acted upon by him. This fact being shown, it must also appear that appellant complied with those conditions of the contract that imposed the liability sought to be enforced. Where a proposal is made relating to some act to be performed by the offeree, and not some promise to be made, the performance of the thing asked to be done is ordinarily sufficient notice of its acceptance. *Cartmel* v. *Newton* (1881), 79 Ind. 1; *New* v. *Germania Fire Ins. Co.* (1908), 171 Ind. 33; *Mactier* v. *Frith* (1830), 6 Wend. *103, 21 Am. Dec. 262; *Brown*

v. *Brooks* (1893), 85 Wis. 290, 55 N. W. 395, 21 L. R. A. 262; *Cleveland, etc., R. Co.* v. *Shea* (1910), 174 Ind. 303.

But to make performance of the thing proposed sufficient acceptance of the proposal, it must have been induced by the proposal. If the proposal had nothing to do with inducing the offeree to act, then the proposal cannot be said to have been accepted.

Here the evidence shows that the proposal in question was made by means of a letter, written by appellee to appellant; that after it was received by appellant nothing was said by either party in reference to it, but that on the day after its receipt appellant took stock in the company of the par value of $3,000, that about one year afterwards he exchanged the company's bonds of the par value of $1,400, for stock, and that in October following he took stock of the par value of $600; that both of these latter transactions were made at the earnest solicitation of appellee, and that appellant informed appellee on both occasions that he would want his money by January 1. All the stock was taken by appellant before January 1, 1906. Appellant at no time prior to said date tendered to appellee his stock and requested that appellee pay him the money therefor, but continued for several months after January 1, 1906, to hold his stock and to exercise all the rights of a stockholder in the company.

The evidence was of such a character that the court could well infer that when the stock of the par value of $3,000, was taken, appellant did not intend thereafter to take any more stock in the company. This being true, appellant could not say that he was induced by appellee's offer to take such, stock, and the mere statement of appellee, that he would want his money by January 1, 1906, without an offer to transfer his stock in the glass company to appellee, was not a compliance with the conditions of the offer upon which the liability of appellee was made to depend. If appellant desired to fasten liability on appellee on account of the offer

made, he should have offered to transfer to appellee his stock, and demanded the return of his money within the time fixed by the offer. *Page* v. *Shainwald* (1901) 169 N. Y. 246, 62 N. E. 356, 75 L. R. A. 173.

Judgment affirmed.