Hawkins v. Collins.

HARVEY M. HAWKINS, APPELLEE, V. ANDES N. COLLINS, AP-
PELLANT.

FILED APRIL 24, 1911. No. 16,398.

1. **Negligence:** SETTING OUT FIRE. One who sets out a fire on his own
   premises without taking such precautions as a reasonable man
   should to prevent it from spreading to his neighbor's premises
   is negligent, and the fact that 48 hours intervened between the
   setting out of the fire and the time it spread to those premises
   does not in itself necessarily acquit him of negligence.

2. **Evidence of Value.** In an action for damages for the destruction
   by fire of a barn, granary and personal property, the owner is
   *prima facie* qualified to testify to the value of his property.

3. **Appeal:** VARIANCE. Proof that the defendant's negligence caused
   the death of plaintiff's colt is not a material variance from an
   allegation that by reason of that negligence the plaintiff lost a
   horse.

APPEAL from the district court for Cedar county: GUY
T. GRAVES, JUDGE. *Affirmed.*

*R. J. Millard,* for appellant.

*J. C. Robinson, contra.*

ROOT, J.

This is an action for damages caused, as alleged, by the
defendant's negligent failure to properly watch and care
for fire kindled by him upon his own premises, and which
subsequently spread to the plaintiff's farm and destroyed
his property. The plaintiff prevailed, and the defendant
appeals.

The only errors argued in the brief relate to the ad-
mission of testimony and the sufficiency of the evidence to
sustain the verdict. The subjects are closely related and
will be considered together.

The testimony is conflicting concerning the defendant's
negligence; but, since the jury found for the plaintiff, we
must consider the evidence in the light most favorable

Hawkins v. Collins.

to him.  As thus considered, it will sustain the theory advanced by the plaintiff that the defendant set fire to two old straw stacks, or "butts," and that he negligently failed to control it, but negligently permitted it to smoulder and burn until by a change in the direction and the velocity of the wind a fire was kindled in the dry stubble in the field surrounding the stacks, and thereby the fire spread to the plaintiff's premises and destroyed his property.  The defendant had burned the stubble for a distance around the stacks, but the increased velocity of the wind was evidently sufficient, not only to fan the smouldering embers into a blaze, but also to carry some of them beyond the fire-guard.  There was nothing extraordinary in the change of direction or velocity of the wind, no more than might be expected at that season of the year in Nebraska.

The defendant does not argue that these elements constituted an intervening cause sufficient to excuse his negligence, but stoutly contends that the fire spread from a straw stack which was set on fire by some unknown cause. The defendant had the right to destroy by fire the stacks and remnants of stacks which encumbered his field, but fire is a dangerous element, and, when used, the law charges the party employing it to an exercise of reasonable care and caution to care for and control it so that it shall not spread to his neighbor's premises, and if he fails to exercise that care, he is liable for damages caused thereby.  The fact that two days intervened between the kindling of the fire and the time it spread to the plaintiff's premises did not of necessity break the causal connection between the defendant's negligence and the destruction of the plaintiff's property; the defendant's duty to exercise reasonable prudence to control the fire until it was extinguished or rendered harmless to his neighbor was a continuing duty which was not discharged so long as the fire existed.  *Krippner v. Biebl*, 28 Minn. 139; *Haverly v. State Line & S. R. Co.*, 135 Pa. St. 50; *Allen v. Bainbridge*, 145 Mich. 366.

The plaintiff, by reason of his relation to the property as its owner and his intimate acquaintance therewith,

was qualified to testify to its value. *Hespen v. Union P. R. Co.*, 82 Neb. 495. The fact that one animal is referred to in the petition as a horse, but is described in the testimony as a colt, is an immaterial variance in nowise prejudicial to the defendant, and should not reverse the judgment. Code, sec. 145.

The other matters referred to in the brief are not material or of sufficient importance, as we understand the record, to justify further extending this opinion. The case was fairly submitted to the jury, and its verdict, rendered upon conflicting evidence, should be sustained.

**Affirmed.**