**GEORGE MORTON and H. M. ROBERTS,**
Plaintiffs

v.

**MARY LATIMER and J. W. SMITH,**
Defendants

January Term, 1924

Civil No. 32

District Court of the Virgin Islands

Fredericksted Sub-Judicial District
St. Croix

June, 1925

D. HAMILTON JACKSON, *for plaintiffs*
CHARLES H. GIBSON, *for defendants*

WILLIAMS, *Judge*

The Findings of Fact and Conclusions of Law in this case have heretofore been filed, the reasons for which findings and conclusions are hereinbelow given.

The Findings of Fact are reducible to a simple statement, to wit: that the defendant Smith kindled a fire in a stump for the purpose of burning out a mongoose, and that thereafter the fire continued to burn and finally reached the land which the plaintiff Morton held under

lease; that the said defendant Smith was fully cognizant of the fire, but took no steps to extinguish or prevent the spreading of the same, albeit there was dry weather and a southeasterly breeze, which was calculated to carry the said fire into the said leased property and other properties in that vicinity; that the said fire was finally extinguished by such persons as were available at the time, it being Sunday, and it seems that the same was extinguished as soon after its dangerous tendencies had been discovered as could be reasonably done. The conclusion was that the damage was done through the negligence of the defendant Smith.

■ While at common law if a person's house or field was burned by fire coming from his neighbor's property, the neighbor would be responsible therefor albeit the fire was occasioned by accident, such is not the law in America. Union Pac. R.R. Co. v. DeBrusk, 12 Colo. 294, 20 Pac. 752, 3 L.R.A. 350; Pa. Co. v. Whitlock, 99 Ind. 16, 50 Am. Rep. 71; Rome, etc., R.R. Co., 49 N.Y. 420, 10 Am. Rep. 389; Miller v. Martin, 16 Mo. 508, 57 Am. Dec. 242.

The English Parliament recognized the hardship of this rule and finally modified it. See Cincinnati, etc., R.R. Co. v. South Fork Coal Co., 129 Fed. 528.

■ Therefore, the general principle of both America and England is that where an owner of a property sets fire to his own premises for a lawful purpose, or where a fire accidentally starts thereon, he is not liable in damages for injuries caused by the communication of said fire to the property of another, but, however, if it is started through his negligence, or he fails to use ordinary skill and care in controlling or extinguishing it, he is liable. Beckham v. Seaboard Airline Rwy., 127 Ga. 550, 12 L.R.A. (n.s.) 476; Louisville, etc., R.R. Co.

v. Nitsche, 112 Ind. 229, 9 L.R.A. 756; France v. Spencer, 2 G. Greene (Iowa) 462, 52 Am. Dec. 533; Sweeney v. Merrill, 38 Kan. 216, 16 Pac. 454; Burbank v. Bethel Steam Mill Co., 75 Me. 373, 46 Am. Rep. 400; Day v. Akeley Lumber Co., 54 Minn. 522, 23 L.R.A. 513; Miller v. Martin, supra; Hawkins v. Collins, 89 Neb. 140, 36 L.R.A. (n.s.) 194, and note; Panton v. Holland, 17 Johns. (N.Y.) 92, 8 Am. Dec. 369; Owen v. Cox, 9 N.D. 134, 47 L.R.A. 646; Brown v. Brooks, 85 Wis. 290, 21 L.R.A. 255, and note.

■ It is now, therefore, a well settled principle that negligence in kindling a fire, or failing to prevent its spread, would create a liability in favor of those injured, although there are authorities which seem to hold that it is not enough to allege that there was negligence in starting a fire, but that there must be an allegation to the effect that it was through negligence that it was permitted to escape. Louisville, etc., R.R. v. Nitsche, supra; Leavitt v. Bangor, etc., R.R. Co., 89 Me. 509, 36 L.R.A. 382; Higgins v. Dewey, 108 Mass. 494, 5 Am. Rep. 63; Hawkins v. Collins, supra; Dorr v. Harkness, 49 N.J.L. 571, 60 Am. Rep. 656; Mo. Pac. R.R. Co. v. Platzer, 73 Tex. 117, 3 L.R.A. 639; Brummitt v. Furness, 1 Ind. (App.) 401; and notes to 21 L.R.A. 257 and 34 L.R.A. 563.

■ The degree of diligence required to relieve one from responsibility in such case is that of the ordinary or reasonable care and diligence; he is required to exercise such care and diligence as would prompt a man of ordinary prudence; that is, such reasonable effort as would be put forth by a person who was actuated by a proper regard for his neighbor's rights and safety. American Ice Co. v. South Gardiner Lumber Co., 107 Me. 494, 32 L.R.A. (n.s.) 1003, and note; Day v. Akeley Lumber Co., supra; Baird v. Chambers, 15 N.D. 618, 6 L.R.A. (n.s.) 882,

and note; Mahaffey v. J. L. Rumbarger Lumber Co., 61 W. Va. 571, 8 L.R.A. (n.s.) 1263.

Therefore, any one who starts a fire without taking reasonable precautions, such precautions as a reasonable man would take, to prevent it from running over into and injuring his neighbor's property, is guilty of such negligence as will render him liable for the ensuing damages. Baird v. Chambers, supra; Hawkins v. Collins, supra.

■ And it is not the belief of the one who starts the fire, and at the time of setting it, that determines the proper test of the question of negligence, and what will constitute ordinary care and reasonable diligence must necessarily vary with the varying circumstances, but it may be said, as a general rule, that in every case such care and caution as would seem commensurate with the danger and risk must be exercised. See notes to 21 L.R.A. 258 and 36 L.R.A. (n.s.) 196.

■ Therefore, any one who uses fire, for any purpose, under such circumstances as would render it especially dangerous to others, is required to exercise more care and caution than one who uses it for a less dangerous purpose. Day v. Akeley Lumber Co., supra.

■ It has been held that in determining the question of whether a person starting a fire on his own land exercised such care and caution as a prudent and reasonable man would have exercised in the same circumstances, an important factor to be taken into consideration is whether at the time there was a wind which was reasonably calculated to spread the fire and in the direction of the damaged property. Marvin v. Chicago, etc., R.R. Co. 79 Wis. 140, 11 L.R.A. 506.

It has also been said that the condition of the season as to dryness is an important element in determining that question. Louisville, etc., R.R. Co. v. Nitsche, supra.

■ In determining the question of the proximate cause of the fire, it may be said that the general rule is that the defendant will be held responsible if the loss is the natural and probable consequence of his carelessness which might have been foreseen by a reasonable person, but that he should not be held liable for any injuries which could not have been reasonably foreseen or expected resulting from his negligence. Goodlander Mill Co. v. S. O. Co., 63 Fed. 400; The Santa Rita, 176 Fed. 890, 30 L.R.A. (n.s.) 1210; Clark v. Wallace, 51 Colo. 437, 118 Pac. 973; Gagg v. Vetter, 41 Ind. 228, 13 Am. Rep. 322; Sweeney v. Merrill, supra; Stone v. Boston, etc., R.R.. Co., 171 Mass. 536, 41 L.R.A. 794; Hoffman v. King, 160 N.Y. 618, 46 L.R.A. 672; Owen v. Cox, supra.

■ It has been held that if a person kindles a fire on his own property on which there is inflammable material and the fire extends to his neighbor's land, fed by this material, thereby causing damage, the damage is the proximate result of the act and the liability ensuing. Nor will the fact that the fire has gone over considerable space, and has been revived by wind after having apparently gone out, before doing the damage, render relief from liability. Poeppers v. Mo. etc., R.R. Co., 67 Mo. 715, 29 Am. Rep. 518; Mo. Pac. R.R. Co. v. Cullers, 81 Tex. 382, 13 L.R.A. 532 (542).

■ And it has also been held that the fact that the number of days elapsed between the starting of the fire and the time it spread to plaintiff's property did not of necessity break the causal connection between the defendant's negligence and the destruction of complainant's property. Hawkins v. Collins, supra; Hardy v. Hines Bros. Lumber Co. (N.C.) 42 L.R.A. (n.s.) 759, and note.

■ It may be stated that, as a general rule, the burden is on the plaintiff to show that the damage was caused by the negligence of defendant. Catron v. Nichols, 81 Mo.

80, 51 Am. Rep. 222; Beckham v. Seaboard Airline Rwy, supra; McCully v. Clark, 40 Pa. St. 399, 80 Am. Dec. 584.

(12 - 14) As negligence is the basis of the action, it must be proven. The question, therefore, is did the person starting the fire use such care and precaution as a prudent or reasonable man would have exercised in the circumstances to see that damage did not result to others.

The testimony showed that the fire was kindled in a field and that there were lots of dry grass in the whole vicinity, and that there was, at least, a strong probability of the several fires reported by witnesses having come from the original fire in the stump.

In White v. Chicago, etc., R.R. Co., 1 S.D. 326, 9 L.R.A. 824, it was said that: "In an action for damages upon injuries caused by sparks etc., from a locomotive, the Plaintiff must not only prove that the fire might have started from the Defendant's locomotive, but must show, by reasonable affirmative evidence, that it did so originate. It is not necessary, however, to prove this beyond a reasonable doubt. Evidence showing that the engine emitted sparks in size and number sufficient to account for the fire, and flying near the building or field which actually caught fire, and that the fire was discovered very soon after, no other cause being apparent, is sufficient to go to the jury to show that fire originated from the passing locomotive." Kenney v. Hannibal, etc., R.R. Co., 70 Mo. 243, 80 Mo. 573; Sheldon v. Hudson River R.R. Co., 14 N.Y. 218.

The testimony shows that the whole area in the vicinity of plaintiff's land had been swept over by fire; it was definitely and clearly shown that there was considerable fire raging on the "Campo Rico" property somewhere about 1:00 o'clock in the afternoon, of which defendant Smith had full cognizance, and while he started to have the same fought and extinguished, he changed his mind, as a result of remarks of his friends, and allowed the fire to continue

burning. The whole state of the testimony makes it reasonable for one to believe that the fire that was kindled in the morning had at times gradually, and at other times rapidly, burned towards, and finally upon, the plaintiff's leased land and resulted in the practically total destruction of his crops. It further appears that the defendant Smith was grossly negligent in not tending the said fire to prevent its spreading upon the neighboring property. The danger from fire in this community is so well known that judicial cognizance may be taken of it, and such negligence cannot be condoned. The law does not require that the evidence should exclude all possibility of another origin, or that it be undisputed. It is sufficient that if, from all of the evidence and circumstances in the case, one is fairly warranted in drawing the conclusion that the fire did not originate from some other cause or source, and the origin of the fire has been generally held sufficiently established by inferences drawn from circumstantial evidence. White v. Chicago, etc., R.R. Co., supra; Union Pac. R.R. Co. v. DeBrusk, supra; Sheldon v. Hudson River R.R. Co., supra; Philadelphia, etc., R.R. Co. v. Hendrickson, 80 Pa. St. 182, 21 Am. Rep. 97.

On this principle it has been held that from proof that a railroad engine passed near inflammable material shortly before the discovery of the fire, there being no evidence to explain its origin, a jury may infer that the fire originated from sparks from the passing engine. Union Pac. R.R. Co. v. BeBrusk, supra; New York, etc., R.R. Co. v. Roper, 176 Ind. 497, 36 L.R.A. (n.s.) 952; Kansas City, etc., R.R. Co. v. Bloker, 68 Kan. 244, 75 Pac. 71; Louisville, etc.; R.R. Co. v. Beeler, 126 Ky. 328, 11 L.R.A. (n.s.) 930; Dyer v. Me. Cen. R.R. Co., 99 Me. 195, 67 L.R.A. 416; Green Bridge R.R. Co. v. Brukman, 64 Md. 52, 54 Am. Rep. 755; R.R. Co. v. Shannon, 25 Okla. 754, 108 Pac. 401; Farrell

v. R.R. Co., 121 Minn. 357, 45 L.R.A. (n.s.) 215; and many other cases to like effect.

██ On the above authorities there is abundant authority for holding the defendant guilty of negligence in the instant case, in view of the facts exhibited in the testimony. In saying this, however, it may be well to remember that it is not always well to rely upon inferential facts, and especially so when the case is susceptible of being conclusively proven, as was this case, if my conclusions of the facts are correct. Nevertheless, after a thorough consideration of the facts, I think one comes inevitably to the conclusion that the destruction of the property in question was due to the negligence of defendant Smith. It is unfortunate, however, I wish again to remark, that the plaintiff has not seen fit to use all of the evidence that would seem to be available to sustain his case, which, if he had done, would have put the case outside of the realm of inferences and established it on the solid ground of definite and incontrovertible fact.

██ Now, as to damages: in this case damages have been proven in the same loose way that negligence has been proven. For the affirmative proof of damages the testimony of plaintiff is almost entirely relied upon, and, apart from his connection with the land and rights as owner, did not exhibit much competency as a witness in relation to damages to his crops. However, as a different rule applies where damages are being testified to by the plaintiff from a case where other witnesses are relied upon to prove that element of the case, such testimony is legally acceptable. On this point the Court, in Day vs. Akeley Lumber Company, supra, said: "The Plaintiff in an action to recover damages for the destruction of his property by fire is, by reason of his relation to the property as its owner, and his intimate acquaintance therewith, qualified to testify to its value." 11 Ruling Case Law 958.

106

Therefore, I think the plaintiff's testimony was competent on the point, and afforded, together with the other testimony, a reasonably clear rule by which damages might be calculated.

On the whole record, therefore, I have concluded that the verdict should be for the plaintiff, and that damages should be assessed as set forth in the Findings of Fact.